Filed 4/20/16

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G051036 |
| v. | (Super. Ct. No. 00WF2458) |
| MICHAEL ANGELO CARABALLO, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a postjudgment order of the Superior Court of Orange County, Gary S. Paer, Judge. Affirmed.

Jeffrey S. Kross, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Peter Quon, Jr., and Stacy Tyler, Deputy Attorneys General, for Plaintiff and Respondent.

\*      \*      \*

The court denied defendant Michael Angelo Caraballo's petition under Penal Code section 1170.126 for recall of his third-strike sentence and for resentencing as a second strike offender.[1] We affirm the postjudgment order. Because defendant was vicariously armed during the commission of his current offense, he was disqualified from resentencing under subdivision (e)(2) of section 1170.126.

FACTS AND PROCEDURAL HISTORY

A 2003 unpublished opinion recited the following factual and procedural history underlying defendant's conviction for the current offense. (*People v. Caraballo* (Oct. 24, 2003, G029786) (*Caraballo I*).) On November 9, 2000, defendant and a co-defendent (Mark Tyjuan Kirksey) entered a bank, but left after waiting for about 15 minutes. Police officers were stationed nearby; they had received a tip about defendant's and Kirksey's suspicious behavior. Defendant and Kirksey walked side by side toward a vehicle parked between two 6-foot high metal bins. "Kirksey, upon observing police activity, suddenly veered away from defendant, ran between the two metal bins, reached down to his waist, and tossed a . . . handgun on top of one of the bins. Defendant and Kirksey were arrested." (*Ibid.*) A jury convicted defendant of second degree burglary and found he was armed with a firearm. The court found defendant had suffered two prior strike convictions and sentenced him to prison for 25 years to life for the burglary (pursuant to the Three Strikes law) plus one year for the firearm enhancement.

On March 14, 2014, defendant petitioned for a recall of his sentence and a new sentencing hearing pursuant to section 1170.126, alleging that although the jury found he was armed with a firearm, this court stated in *Caraballo I*, *supra*, G029786, that he was not *personally* armed with a gun. The People opposed his petition on the ground

---

[1] All statutory references are to the Penal Code.

defendant was ineligible for resentencing because a jury found he was "'armed with a firearm' during the commission of his last strike offense."

The court ruled defendant was ineligible for resentencing because he had been vicariously armed with a firearm. Accordingly, the court dismissed defendant's petition.

DISCUSSION

Defendant contends he was not "armed" during the commission of his current offense and therefore he qualified for resentencing under section 1170.126. He notes that, although the jurors found he was "armed" for purposes of the firearm enhancement, this finding did *not* require them to find he personally carried the gun, personally had it available for use, or even knew that Kirksey had a gun. He argues that, because section 1170.126 was enacted by voter initiative, "the court 'must give the language "its ordinary meaning as understood by the electorate," i.e., "the average voter, unschooled in the patois of criminal law. . . ."'" He asserts the electorate would understand the phrase "armed with a firearm" to mean the *personal carrying* of a firearm.

Proposition 36, the Three Strikes Reform Act of 2012, was approved by the voters on November 6, 2012, and, inter alia, added section 1170.126 to the Penal Code. (*People v. Yearwood* (2013) 213 Cal.App.4th 161, 167.) Section 1170.126 (the resentencing statute) provides for "a postconviction release proceeding whereby a prisoner who is serving an indeterminate life sentence" imposed under the Three Strikes law for a crime that is not a serious or violent felony and who is not disqualified, may have the sentence recalled and be sentenced as a second strike offender. (*Yearwood*, at p. 168.) Under subdivision (e)(2) of the resentencing statute, an inmate is disqualified from resentencing if the current sentence was imposed for an offense "appearing in" section 667, subdivision (e)(2)(C)(iii) or section 1170.12, subdivision (c)(2)(C)(iii).

3

Under these subdivisions, a defendant who has suffered at least two prior strike convictions, but whose current offense is *not* a strike, must nonetheless be sentenced as a third strike offender if the People plead and prove he or she "was armed with a firearm" during the commission of the current offense.

We must decide whether the word "armed," as used in section 667, subdivision (e)(2)(C)(iii) or section 1170.12, subdivision (c)(2)(C)(iii) includes vicarious arming, such that a defendant who was vicariously armed while committing the current offense is ineligible for resentencing under the resentencing statute.[2] In interpreting Proposition 36, we apply the same legal principles that govern statutory construction. (*People v. Cervantes*, *supra*, 225 Cal.App.4th at p. 1014.) We must ascertain the voters' intent in order to effectuate the initiative's purpose. (*Ibid.*) Because the word "armed" is ambiguous, we shall interpret it using the extrinsic aids of the statutory scheme of which the initiative is a part, the initiative's purpose, and the voters' intent as reflected in the official ballot materials. (*Ibid.*)

The jury found defendant was armed with a firearm within the meaning of section 12022, subdivision (a)(1), which generally mandates a one-year enhancement for a person "armed with a firearm in the commission of a felony," "unless the arming is an element of that offense." (*Ibid.*) Section 12022, subdivision (a)(1) *expressly* includes vicarious arming within its ambit: "This additional term shall apply to a person who is a principal in the commission of a felony . . . if one or more of the principals is armed with

---

[2] In *People v. Superior Court* (*Cervantes*) (2014) 225 Cal.App.4th 1007, *People v. Superior Court* (*Martinez*) 225 Cal.App.4th 979, and *People v. Osuna* (2014) 225 Cal.App.4th 1020, the Fifth District Court of Appeal expressly declined to address this issue: "Because we are not confronted in this case with vicarious arming, which exists when a defendant who is not personally armed is a principal in a crime and another principal is armed, possibly without the defendant's knowledge [citations], we express no opinion whether vicarious arming disqualifies an inmate" under the three strikes resentencing statute. (*Cervantes*, at p. 1013, fn. 8; see *Martinez*, at p. 990, fn. 11; see also *Osuna*, at p. 1030, fn. 5.) The trial court relied on *Cervantes* and *Martinez* in denying defendant's petition, inaccurately stating those cases were "right on point."

a firearm, whether or not the person is personally armed with a firearm."  The legislative purpose underlying firearm enhancements "'"'"is to deter persons from creating a potential for death or injury resulting from the very presence of a firearm at the scene of the crime.'"'"'"  (*People v. Overten* (1994) 28 Cal.App.4th 1497, 1502.)  By imposing vicarious liability on a principal who is unaware another principal is armed, the Legislature has warned "such coprincipals to take affirmative action to dissuade other principals from being armed with firearms during the commission of felonies."  (*Id.* at p. 1503.)

Similarly, a purpose of the Three Strikes law is to enhance public safety.  (*Cervantes*, *supra*, 225 Cal.App.4th at p. 1016.)

In this same vein, the ballot materials related to Proposition 36 (and therefore the resentencing statute) reflect an intent to "'keep violent felons off the street'" and "'prevent[] dangerous criminals from being released early.'"  (*People v. Johnson* (2015) 61 Cal.4th 674, 686.)  The materials stated that, although the proposed law would allow the early release of "*nonviolent offenders who pose no risk to the public*" (*Cervantes*, *supra*, 225 Cal.App.4th at p. 1017), life sentence penalties would still apply to persons whose third strike conviction "'*involved firearm possession*'" or was a "'*gun-related*'" felony (*id*. at p. 1016).  The use of the broadly inclusive words "involved" and "related" — considered together with the initiative's overall purpose — suggest the electorate would have believed that a person who was vicariously armed with a gun while committing the current felony would remain in prison under the terms of the initiative.

Moreover, "it has long been settled that '[t]he enacting body is deemed to be aware of existing laws and judicial constructions in effect at the time legislation is enacted' [citation], 'and to have enacted or amended a statute in light thereof' [citation].  'This principle applies to legislation enacted by initiative.  [Citation.]'"  (*Cervantes*, *supra*, 225 Cal.App.4th at p. 1015.)  "In enacting Proposition 36, the voters are thus deemed to have been aware of the long-standing statutory . . . definition of 'armed with a firearm.'  Yet they failed to expressly limit the term when amending sections 667,

subdivision (e) and 1170.12, subdivision (c) and enacting section 1170.126." (*Ibid.*)  We conclude the voters intended to disqualify from resentencing an inmate who was vicariously armed with a firearm during the commission of the current offense.

DISPOSITION

The postjudgment order is affirmed.

IKOLA, J.

WE CONCUR:

O'LEARY, P. J.

RYLAARSDAM, J.

6