Filed 6/20/16  P. v. Wilson CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>DENNIS E. WILSON,<br><br>    Defendant and Appellant. | 2d Crim. No. B267916<br>(Super. Ct. No. MA050053)<br>(Los Angeles County) |

Dennis E. Wilson appeals the trial court's order finding him ineligible for resentencing under Proposition 36 because he was "armed" during the commission of the crime that underlies his "Third Strike" sentence of 25 years to life.  We affirm.

FACTS AND PROCEDURAL BACKGROUND

In *People v. Wilson* (May 24, 2012, B234935 [nonpub. opn.]), we affirmed appellant's current conviction and described his offense as follows:

"At about 12:20 a.m. on August 12, 2010, Los Angeles County Deputy Sheriff Wesley Guthrie was on patrol in Lancaster when he heard loud music emanating from appellant's vehicle.  The music was also heard by Deputy [Taylor] Slimak, who was on patrol in a separate car.  Deputy Slimak conducted a traffic stop of appellant for a violation of Vehicle Code section 27007 [fn. omitted], and Deputy Guthrie acted as his

backup. Deputy Guthrie positioned himself to the right of appellant's vehicle while Deputy Slimak approached the driver's door.

"After Deputy Slimak spoke to appellant for approximately one minute, he directed him to exit his vehicle. Appellant was frisked for weapons near the hood of the deputy's patrol car, then placed in the back seat of the patrol car. In the meantime, Deputy Guthrie went to close the open driver's seat door to appellant's vehicle to prevent it from being hit by oncoming traffic. As the deputy was about to close the door, he saw a handgun in plain view between the driver's seat and center console.

"Deputy Guthrie summoned Deputy Slimak, who also saw the gun in plain view. Deputy Guthrie seized the gun, which had a live round of ammunition in the chamber and was set to be fired. Appellant was placed under arrest and given the *Miranda* advisements. When Deputy Slimak asked appellant if he understood, appellant looked at the deputy, made a blowing air noise, and rolled his eyes. Appellant proceeded to tell the deputy that the gun was not meant 'for any law enforcement officers that night.' Appellant said he had driven to Los Angeles to retrieve the gun after someone shot at him earlier that day just up the street. He also said the deputies had pulled him over while he was returning to look for the person who shot at him." (Slip opn., at p. 2.)

In June 2011, a jury convicted appellant of possession of a firearm by a felon (Former Pen. Code, § 12021, subd. (a)(1)).[1] The trial court found true allegations that appellant had suffered two prior convictions within the meaning of the Three Strikes Law (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)). The trial court sentenced appellant to a term of 25 years to life.

In December 2012, appellant filed a petition for recall of sentence pursuant to section 1170.126. The trial court issued an order to show cause directing the People to demonstrate why such relief should not be granted. After reviewing the parties' briefing, the court denied appellant's petition. The court found that appellant was ineligible for

---

[1] All further statutory references are to the Penal Code.

2

recall and resentencing under Proposition 36 because he was armed with a firearm during the commission of the offense.

DISCUSSION

Proposition 36 amended the Three Strikes Law to provide that a sentence of 25 years to life shall be imposed only if the current offense is a serious or violent felony or the prosecution pleads and proves an enumerated qualifying exception. (§§ 667, subd. (e)(2)(C), 1170.12, subd. (c)(2)(C); *People v. Yearwood* (2013) 213 Cal.App.4th 161, 170; *People v. Superior Court* (*Kaulick*) (2013) 215 Cal.App.4th 1279, 1285-1286.) It "also added section 1170.126 which creates a postconviction release proceeding 'intended to apply exclusively to persons presently serving an indeterminate term of imprisonment pursuant to paragraph (2) of subdivision (e) of Section 667 or paragraph (2) of subdivision (c) of Section 1170.12, whose sentence under this act would not have been an indeterminate life sentence.' (§ 1170.126, subd. (a).)" (*Yearwood*, at p. 170.)

Section 1170.126 provides that an offender serving a Three Strikes sentence may be eligible for resentencing where the current felony conviction is not for a serious or violent felony. (*People v. Superior Court* (*Kaulick*), *supra*, 215 Cal.App.4th at p. 1293.) If the statutory eligibility criteria are satisfied and none of the exclusions apply, the trial court determines whether imposition of a Two Strikes determinate term would pose an unreasonable risk of danger to public safety, and resentences the offender accordingly. (§ 1170.126, subd. (f); *Kaulick*, at p. 1293.)

An offender is statutorily ineligible for resentencing under Proposition 36 if, "[d]uring the commission of the current offense, the defendant used a firearm, was armed with a firearm or deadly weapon, or intended to cause great bodily injury to another person." (§§ 667, subd. (e)(2)(C)(iii), 1170.12, subd. (c)(2)(C)(iii), 1170.126, subd. (e)(2).) Appellant argues that the trial court erred in finding him ineligible for resentencing on the ground that he was "armed" while committing the crime of being a felon in possession of a firearm. We are not persuaded.

A person is "[a]rmed with a firearm" when he or she "ha[s] a firearm available for use, either offensively or defensively. (E.g., § 1203.06, subd. (b)(3).)"

3

(*People v. Osuna* (2014) 225 Cal.App.4th 1020, 1029 (*Osuna*); *People v. Brimmer* (2014) 230 Cal.App.4th 782, 795 (*Brimmer*); *People v. Bland* (1995) 10 Cal.4th 991, 997 ["[i]t is the availability—the ready access—of the weapon that constitutes arming"].)  In assessing eligibility for resentencing under Proposition 36, we look to the record of conviction, which includes the facts recited in any prior appellate decisions.  (*Osuna*, at p. 1030; *People v. Hicks* (2014) 231 Cal.App.4th 275, 286 (*Hicks*).)  The facts we recited above are drawn from our prior appellate decision, and they unequivocally confirm that appellant was "armed with a firearm" when he was stopped for a motor vehicle violation.  Several appellate decisions have reached the same conclusion on similar facts.  (E.g., *Brimmer*, at p. 797 ["Where, as here, the record shows that a defendant convicted of possession of a firearm was armed with the firearm during the commission of that offense, the armed with a firearm exclusion applies and the defendant is not entitled to resentencing relief under the Act]; *Osuna*, at pp. 1032 [the literal language of the Act disqualifies an inmate from resentencing if he or she was armed with a firearm during the unlawful possession of that firearm]; *Hicks*, at pp. 285-286; *People v. White* (2014) 223 Cal.App.4th 512, 523, 527; *People v. Blakely* (2014) 225 Cal.App.4th 1042, 1052; *People v. Elder* (2014) 227 Cal.App.4th 1308, 1312-1314 (*Elder*); see also *People v. Caraballo* (2016) 246 Cal.App.4th 936, 941, review filed May 23, 2016 [inmate who was "vicariously armed" with a firearm during commission of the current offense is disqualified from resentencing].)

Notwithstanding these authorities, appellant argues that his conduct in being "armed" with the firearm must be "tethered" to another crime, and that this other offense cannot be the crime of being a felon in possession.  This argument is based on an analogy to cases interpreting the sentencing enhancement applicable when a person "is armed with a firearm in the commission of a felony . . . ."  (§ 12022, subd. (a)(1).)  This enhancement applies only "if the gun has a facilitative nexus with the underlying offense (i.e., it *serves* some purpose in connection with it) . . . ."  (*Brimmer*, *supra*, 230 Cal.App.4th at pp. 794-795; *Hicks*, *supra*, 231 Cal.App.4th at p. 283.)  Because "[h]aving a gun available does not further or aid in the commission of the crime of possession of a

4

firearm by a felon" (*Hicks*, at p. 283), courts cannot impose the "armed" enhancement to a felon-in-possession crime unless there is some further crime to which the arming can be "tethered" (*ibid.*).

This analogy is inapplicable here because the plain text of Proposition 36 turns on whether "the defendant . . . was armed" "[d]uring the commission of the current offense" (§§ 1170.12, subd. (c)(2)(C)(iii), 667, subd. (e)(2)(C)(iii) & 1170.126, subd. (e)(2))—not, as with the sentencing enhancement, "in [its] commission" (§ 12022, subd. (a)(1)). As explained in *Osuna*, *supra*, 225 Cal.App.4th 1029, this difference in language is significant. Because Proposition 36 looks to whether the defendant was armed "during" the crime rather than "in the commission" of it, the Proposition "requires a temporal nexus between the arming and the underlying felony, not a facilitative one." (*Osuna*, at p. 1032; *Hicks*, *supra*, 231 Cal.App.4th at pp. 283-284; see *Elder*, *supra*, 227 Cal.App.4th at pp. 1312-1313 [noting "illogic" of conflating enhancement provision with Proposition 36's ineligibility provision].) The temporal nexus is present here, and that is sufficient to render appellant ineligible for relief under Proposition 36.

In addition, appellant contends that the crime of possessing a firearm does not pose the same level of threat as other crimes that categorically render a defendant ineligible for relief under Proposition 36 and, as a result, declaring him ineligible is inconsistent with the voters' intent. As noted above, this argument incorrectly conflates "possession" of a firearm with being "armed." Appellant's "current offense[] of felon in possession of a firearm . . .—when viewed in light of the fact that he was physically armed with the firearm during the commission of th[at] offense[]—cannot be deemed a petty or minor crime for purposes of" Proposition 36. (*Brimmer*, *supra*, 230 Cal.App.4th at p. 799.) That is because "'[t]he threat presented by a firearm increases in direct proportion to its accessibility. Obviously, a firearm that is available for use as a weapon creates the very real danger it will be used.'" (*Blakely*, *supra*, 225 Cal.App.4th at p. 1057, quoting *People v. Mendival* (1992) 2 Cal.App.4th 562, 573.) Indeed, appellant's purpose in placing the gun in the car was "to look for the person who shot at him" earlier that day.

5

(Ante, at p. 2, slip opn., at p. 2.)  For these reasons, we conclude our construction of Proposition 36 is consistent with the voters' intent.

DISPOSITION

The judgment (order denying relief under Proposition 36) is affirmed.

<u>NOT TO BE PUBLISHED.</u>


PERREN, J.


We concur:


GILBERT, P. J.


YEGAN, J.

6

William C. Ryan, Judge

Superior Court County of Los Angeles
_____

California Appellate Project, Jonathan B. Steiner and Jill Ishida, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Noah P. Hill and Viet H. Nguyen, Deputy Attorneys General, for Plaintiff and Respondent.